1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SARONI RAY, et al.,                    Case No.  20-cv-06279-JSC

8              Plaintiffs,
                                            **ORDER RE MOTION TO SEVER,**
9         v.                                **DISMISS, AND TRANSFER VENUE**

10   KENNETH T. CUCCINELLI,                  Re: Dkt. No. 33

11             Defendant.

12         Before the Court is Defendant's motion to sever and dismiss Plaintiffs' claims, and to

13   transfer the claims of certain Plaintiffs.  (Dkt. No. 33 at 10-11.)[1]  Plaintiffs are 45 foreign nationals

14   holding H-4 visas; they are also individual spouses of H-1B visa holders.[2]  They reside across the

15   country, and allege that United States Citizenship and Immigration Services ("USCIS") has

16   unlawfully withheld from them a 180-day automatic extension of work authorization upon the

17   expiration of their Employment Authorization Documents ("EAD"), and that USCIS has created

18   unreasonable delays in the adjudication of their work reauthorizations.  After careful consideration

19   of the parties' briefing, the Court determines that oral argument is unnecessary, *see* N.D. Cal. Civ.

20   L.R. 7-1(b), VACATES the December 17, 2020 hearing, GRANTS in part and DENIES in part

21   Defendant's motion to dismiss.

22                                 **DISCUSSION**

23         The case's regulatory and factual background is set forth in this Court's November 3, 2020

24   Order denying Plaintiffs' motions for a preliminary injunction and to expedite discovery.  (Dkt.

25

26   _____

     [1] Unless otherwise indicated, record citations are to material in the Electronic Case File ("ECF") in
27   Case No. 3:20-cv-06279-JSC; pinpoint citations are to the ECF-generate page numbers placed at
     the top of the documents.
28   [2] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
     636(c).  (Case No. 3:20-cv-06279-JSC, Dkt. Nos. 17 & 22; Case No. 3:20-cv-07507-JSC, Dkt.
     Nos. 21 & 23.)

United States District Court
Northern District of California

No. 39.)  Prior to oral argument on Plaintiffs' motions, Defendant filed the instant motion.  (Dkt. No. 33.)  The motion is now fully briefed.  (Dkt. Nos. 38, 42.)  On November 18, 2020, the Court related the above-captioned case and *Choudhary et al v. United States Citizenship and Immigration Services*, Case No. 3:20-cv-07507-JSC.  (Dkt. No. 45.)  On December 9, 2020, Defendant filed updated appendices with the current status of each Plaintiff's H-4 visa status renewal and EAD work authorization renewal applications from both the *Ray* and *Choudhary* actions.  (Dkt. No. 48.)

Defendant makes three arguments: that Plaintiffs' claims are improperly joined and should be severed pursuant to Federal Rule of Civil Procedure 21; claims brought by Plaintiffs whose H-4 visa extensions and EAD renewal applications have been approved are now moot and should be dismissed; and that any non-moot claims are improperly venued and should be transferred. The Court considers these arguments in turn.

## I.      Severance of Plaintiffs' Claims

Federal Rule of Civil Procedure 20 permits joinder of plaintiffs in a single action if they assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1); *see also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013).  "The impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also League to Save Lake Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997) (stating that the "primary purpose" of Rule 20 "is to promote trial convenience and to prevent multiple lawsuits").  Rule 21 provides that "misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder [under Rule 20] is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance.") (citations omitted).

Defendant argues that the 45 Plaintiffs' claims are improperly joined and should be severed pursuant to Rule 21. For the reasons set forth below, the Court disagrees.

### A. Same Transaction or Occurrence

Defendant's theory is that joinder of Plaintiffs' claims is improper because the adjudication of Plaintiffs' H-4 visa status and EAD renewal petitions is done on an individualized basis, and that, for this reason, Rule 20(a)(1)(A)'s "single transaction requirement" is not met. (Dkt. No. 33 at 18.) Not so. Plaintiffs' claims arise from their interactions with one entity: UCSIS. (Dkt. No. 1 at ¶¶ 137, 146, 148-50.) Their H-4 visa and EAD renewal petitions are evaluated under the same criteria and policies. Simply because Plaintiffs' renewal applications are or were at different points in the adjudication process and rely on evidence specific to each application does not change the fact that each application is evaluated by USCIS using the same criteria.

Defendants' reliance on *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-4984, 2017 WL 2840272, at *2 (N.D. Cal. June 30, 2017), in support of the contention that Plaintiffs' claims do not arise from the same transaction or occurrence is unpersuasive. In *Todd*, consumer plaintiffs brought claims arising out of defendants' false and misleading marketing and sale of certain mattress products. *Id.* at *1. *Todd* was decided after the court denied its plaintiffs' motion for class certification because at the class certification stage plaintiffs failed to demonstrate commonality, predominance, and superiority. *Id.* at *1-2. On the defendants' motion to sever, the court determined its earlier arguments for denying class certification remained applicable; for instance, the court could not determine if some plaintiffs encountered the alleged misrepresentations through third-party retailers or, for instance, separate marketing materials. *Id.* at *3. Accordingly, the court found that the plaintiffs' factual dissimilarities and the "plausibil[ity] that [p]laintiffs had distinct experiences when buying their mattresses" illustrated that Rule 20's "single transaction" requirement was not satisfied. *Id.* Unlike the plaintiffs' claims in *Todd*, here Plaintiffs' claims do not arise from interactions with—or representations made by—multiple parties. Further, Plaintiffs' applications are being evaluated under the same standard, and delayed for similar reasons.

Defendant's citation to *Cooper v. Fitzgerald*, 266 F.R.D. 86, 90 (E.D. Pa. 2010), is

likewise unavailing.  While *Cooper* determined that joinder of 7 plaintiffs' claims to "compel action on their individual applications for immigration benefits pending before the USCIS" was improper, *id.* at 87, *Cooper* concerned different immigration applications with different adjudicative processes; namely, Forms I-130 and I-485, "Petitions for Alien Relative" and "Applications to Adjust Status" respectively. Some plaintiffs were United States citizens who had filed Forms I-130 "to have their spouses declared immediate relatives," and others were "aliens who h[ad] filed I-485 applications to adjust [their] status." *Id.* at 88 n.1.  Each application was at a different stage in the adjudicative process, but those differences spanned "initial decisions" on some plaintiffs' applications to some "final adjudicative delays" associated with "*different types of delays* in the appellate process." *Id.* at 88 n.2 (emphasis added).  Additionally, the plaintiffs alleged that FBI background checks delayed their applications' adjudications; however, the Court determined that background checks were not performed on Form I-130 applications, and plaintiffs who filed Form I-485 applications had their background checks completed before they filed their initial complaint. *Id.* at 89.  Thus, the court reasoned, plaintiffs could not justify joinder of their claims based on a "common delay" caused by background checks that were either not performed or performed prior to the action's initiation. *Id.* The court further reasoned that because there were two separate applications at issue, the Form I-130 and Form I-485, that this "cut[] against joinder" under Rule 20(a)'s "same transaction" requirement: "Plaintiffs' applications [were] at different stages in the agency decision process and ha[d] different reasons associated with delays in their final adjudication." *Id.*

Here, Plaintiffs' unlawfulness claim concerns the adjudication of one application: their EAD renewal applications.  (Dkt. No. 1 at ¶¶ 137, 142-43.)  Plaintiffs' unreasonableness claim concerns delays in the adjudication of two applications, their H-4 and EAD renewal petitions, but unlike *Cooper* the adjudication of Plaintiffs' H-4 visa status renewal is a prerequisite to the adjudication of their Form I-765 and EAD renewal.  (*Id.* at ¶¶ 118-19, 146, 150).  Plaintiffs' unreasonableness claim is not motivated by "mere allegation[s] of general delay" for "wide-ranging reasons." *Cooper*, 266 F.R.D. at 90 (quoting *Coughlin v. Rogers*, 130 F.3d 1348, 1350

4

(9th Cir. 1997).[3]  Instead, it concerns applications whose adjudication USCIS conducts sequentially.  (Dkt. No. 1 at ¶ 119.)  Therefore, while Plaintiffs' claims involve the adjudication of two applications, unlike *Cooper* their adjudication is part of the same process.  Moreover, all Plaintiffs are spouses of H-1B visa holders who have applied for renewal of their H-4 visas and H-4 EAD work authorizations.  (*Id.* at ¶ 127.)  *Cooper*'s plaintiffs were not similarly situated: some were United States citizens seeking to declare spouses as relatives, whereas others were "aliens" seeking to adjust their immigration status.  *Cooper*, 266 F.R.D. at 88 n.1.  Accordingly, *Cooper* provides no support for Defendant's argument that Plaintiffs' claims do not arise from the same transaction or occurrence.

The Court thus concludes that the complaint satisfies Rule 20(a)(1)(A).

### B.  Common Question of Law or Fact

Defendant also contends that Plaintiffs' claims do not present common questions of law or fact.  Defendant acknowledges that Plaintiffs assert unreasonable delay claims under the Administrative Procedure Act ("APA"), but argues nonetheless that the presence of a "common statute or regulation" is insufficient to warrant the joinder of claims.  (Dkt. No. 33 at 19.) Defendant cites *Coughlin*, 130 F.3d at 1348, in support of this argument; however, for reasons explained supra at n.3, *Coughlin* concerned 6 "distinct" applications or petitions, and this formed the basis of the court's reasoning under its Rule 20(a)(1)(B) analysis as well.  *Id.* at 1351 (holding that plaintiffs failed to meet the "second prong" of the permissive joinder test because "each

---

[3] *Coughlin* determined that its plaintiffs failed to meet Rule 20(a)'s "same transaction" requirement because the claims' "basic connection" of an "alleged procedural problem of delay" was not enough to create a "common transaction or occurrence[,]" and that "the delay is disputed in some instances and varies from case to case." 130 F.3d at 1350.  *Coughlin* concerned 49 plaintiffs whose immigration applications or petitions fell into "six distinct categories": 20 plaintiffs were United States citizens alleging defendants failed to adjudicate petitions on behalf of an "alien spouse or child"; 11 were "aliens alleging the defendants ha[d] failed to adjudicate their applications for adjustment of status based on an approved petition as an alien worker"; 2 were "aliens" petitioning adjudication of status adjustments regarding their spouses' status in the United States; 5 were "aliens" alleging defendants failed to timely adjudicate applications "to remove a conditional status"; 1 concerned a petition regarding conditions imposed on residence and a related Order to Show Cause regarding a possible deportation; and 10 were "lawful permanent residents" who applied for and were awaiting decisions on their naturalization applications.  *Id.* at 1349-50.  The distinguishable factual background against which *Coughlin* was decided renders its reasoning regarding Rule 20(a)'s requirements unpersuasive in the circumstances of this case.

category of [p]laintiffs has filed different applications, petitions, or forms," and that although the plaintiffs' claims were brought under the APA the plaintiffs' claims remained "discrete . . . involv[ing] different legal issues, standards, and procedures[]").[4]

Defendant reiterates that Plaintiffs' claims fail at this second step because "the relevant facts are Plaintiff-specific." (Dkt. No. 33 at 19.) As it did at step one of this Court's joinder analysis, so too does this argument fail here. Defendant additionally contends, however, that in order to determine whether USCIS's actions are reasonable under the APA this Court must apply the factors set out in *Telecommunications Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"), adopted by the Ninth Circuit in *Indep. Min. Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997), and that the *TRAC* factors must be considered on an individualized basis. This Court's application of the *TRAC* factors to Plaintiffs' unreasonable delay claim in its preliminary injunction order, however, demonstrates otherwise.[5] (Dkt. No. 39 at 11-20.)

However, even without reference to its prior order, the Court has no difficulty concluding that Plaintiffs' claims satisfy Rule 20(a)'s second requirement. Plaintiffs' claims emerge from the adjudication of related petitions. They are both brought under the APA. Plaintiffs' unlawfulness claim concerns USCIS's interpretation of 8 C.F.R. § 274a.13(d). The unreasonable delay claim is motivated by delays—analyzed under the *TRAC* factors—that are common to Plaintiffs' H-4 visa status and EAD work reauthorization petitions. (Dkt. Nos. 1 at 24 ¶¶ 137, 146, 148-50, 152, 165-66; 33 at 19-20; 42 at 4.) Therefore, questions of law or fact common to all plaintiffs arise in the action. *See* Fed. R. Civ. P. 20(a)(1)(B).

---

[4] Defendant additionally cites several district court cases, however none analyzed APA claims for unreasonable delay under the Rule 20(a)(1)(B) standard. *See Wu v. Chertoff*, No. C 06-07880 SI, 2007 WL 1223858, at *1 (N.D. Cal. Apr. 25, 2007) (concerning motion to dismiss claims under Rule 12(b)(1) and 12(b)(6)); *Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL 902382, at *1 (N.D. Cal. Mar. 22, 2007) ("Respondents assert that a district court lacks subject-matter jurisdiction to grant relief under the APA."); *Alibeik v. Chertoff*, No. C-07-01938EDL, 2007 WL 4105527, at *1 (N.D. Cal. Nov. 16, 2007) (concerning, in the context of an unreasonable delay challenge, a writ for USCIS to "act forthwith" regarding the plaintiff's immigration application).
[5] Defendant argues in the reply that Plaintiffs fail to demonstrate they meet the requirements for permissive joinder because this Court denied Plaintiffs' motion for preliminary injunction and "rejected Plaintiffs' substantive challenges alleging unlawful agency interpretation and unreasonable agency delay." (Dkt. No. 42 at 3.) This argument is unpersuasive because in its preliminary injunction order the Court applied different legal standards in its analysis of Plaintiffs' claims and did not analyze them under Rule 20(a).

United States District Court
Northern District of California

* * *

For the reasons set forth above, Plaintiffs' claims are properly joined.  Plaintiffs have asserted claims "arising out of the same transaction and occurrence," and "question[s] of law or fact common to all Plaintiffs" arise in the action.  Fed. R. Civ. P. 20(a)(1).  Defendant avers, however, that if the claims are not severed Defendant will suffer prejudice in being forced to present evidence of "wholly different claims" in the same action, and that this Court will be required to consider up to 45 separate administrative records, creating "utterly unwieldy litigation."  (Dkt. No. 33 at 20-21.)  Nothing in the course of litigation has indicated that Defendant has or will suffer any prejudice if the Court declines to sever Plaintiffs' claims. Similarly, nothing in the course of briefing Plaintiffs' motions for a preliminary injunction and expedited discovery, or the parties' initial case management conference, indicates that joinder would give rise to an "unwieldy" number of administrative records or litigation.

Here, permissive joinder "comports with the principles of fundamental fairness" and "result[s] in [no] prejudice to either side."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal quotation marks and citation omitted).  Accordingly, the Court does not exercise its discretion under Rule 21 to sever Plaintiffs' claims.

## II.     Mootness

Defendant argues that claims brought by Plaintiffs whose H-4 visa status and EAD renewal petitions have been approved are moot and should be dismissed. In its preliminary injunction order, the Court previously considered whether the approval of 14 of the original 45 Plaintiffs' H-4 visa and employment authorization applications mooted those Plaintiffs' claims with regard to the relief Plaintiffs sought in their motion for a preliminary injunction.  (Dkt. No. 39 at 6-7.) Defendant now presents evidence that USCIS has approved the applications of 39 of 45 Plaintiffs. (Dkt. No. 48 at 2.)[6]

---

[6] Defendant states that USCIS has approved 39 of 45 Plaintiffs' applications.  (Dkt. No. 48 at 2.) This is true of the *Ray* Plaintiffs; however, USCIS has yet to adjudicate the Form I-765 petition of Silpa Sajja, the only remaining plaintiff from the related *Choudhary* action with an unadjudicated application.  (Dkt. No. 48-2 at 4.)  Defendant also claims that the applications of Plaintiff Sonal Choudhary have been adjudicated at the California Service Center.  (Dkt. No. 48 at 1.)  However, records in the updated appendices from the California Service Center do not provide any

United States District Court
Northern District of California

1  Federal jurisdiction requires a live case or controversy at every stage of litigation.  U.S.

2  Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).  If, at any point during

3  litigation, an event occurs such that there is no longer a live case or controversy upon which relief

4  can be granted, the claim is moot and must be dismissed.  *Am. Rivers v. Nat'l Marine Fisheries*

5  *Serv*., 126 F.3d 1118, 1123 (9th Cir. 1997).  Exceptions to mootness exist, however; where a case

6  is "capable of repetition, but evading review" courts will not dismiss an otherwise moot action if:

7  "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or

8  expiration, and (2) there is a reasonable expectation that the same complaining party will be

9  subject to the same action again."  *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836

10  (9th Cir. 2014) (internal quotation and citation omitted).  To satisfy this first prong, an action must

11  be of "*inherently* limited duration."  *Id*. (internal quotation and citation omitted) (original

12  emphasis).  "This is so because the 'capable of repetition, yet evading review' exception is

13  concerned not with particular lawsuits, but with classes of cases that, absent an exception, would

14  always evade judicial review."  *Id*. (internal citations omitted).  Controversies are "inherently

15  limited in duration" if they will only ever present a live action until a particular date, after which

16  the alleged injury will either cease or no longer be redressible.  "The limited duration of such

17  controversies is clear at the action's inception."  *Id*.

18  The unreasonable delay claims brought by the 39 Plaintiffs whose work reauthorizations

19  have been adjudicated are moot with regard to any *relief* that could be granted.  This Court

20  determined in its preliminary injunction order that USCIS could not be enjoined to adjudicate an

21  application if the application had already been adjudicated; in fact, at oral argument on the

22  preliminary injunction motion Plaintiffs conceded as much.  *See Ray v. Cuccinelli*, No. 20-CV-

23  06279-JSC, 2020 WL 6462398, at *4 (N.D. Cal. Nov. 3, 2020).  In the context of Defendant's

24  motion to dismiss the 39 Plaintiffs' unreasonable delay claims, USCIS's approval of Plaintiffs' H-

25  4 status and EAD renewal applications moots the "live case or controversy" on which Plaintiffs'

26  claims for relief—and this Court's jurisdiction over those claims—depend.  *See American Rivers*,

27

28  information regarding Ms. Choudhary's applications; thus, the Court cannot conclusively verify
that her applications have been fully adjudicated on the current record.

8

United States District Court
Northern District of California

1    126 F.3d at 1123.  At bottom, there can be no "relief" to grant where a Plaintiff's applications

2    have been approved.  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f

3    events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the

4    [claims] as moot[.]") (citations omitted).

5          Plaintiffs' unlawfulness claims regarding the automatic renewal of their EAD work

6    authorizations are not moot, however, because the "capable of repetition, but evading review"

7    exception's requirements are satisfied as to those claims.  First, after submitting their status and

8    work authorization extension petitions six months before their current visas and EAD expire (the

9    earliest date allowed), Plaintiffs must have their underlying status adjudicated before USCIS

10   begins to review their Form I-765 work reauthorization petitions.  Because H-4 visa holders are

11   not granted an automatic work authorization extensions once their EAD expire at the end of the

12   underlying visa's validity period, an H-4 visa holder has 180 days for their application for an

13   extension of their work authorization to be adjudicated before the injury—disrupted continuity of

14   an H-4 visa holder's current employment position and, by extension, loss of some or all

15   employment-based benefits—is no longer redressible.  For this reason, the visa's expiration date is

16   specific and particular, "clear at the action's inception," and the 180-day period that runs from the

17   earliest moment an H-4 visa holder may apply for work reauthorization to the expiration of their

18   EAD is of an inherently limited duration.  *ProtectMarriage*, 752 F.3d at 836.

19         Second, Plaintiffs will be subject to the action again.  For instance, certain categories of

20   Indian or Chinese nationals with H-1B visas and their derivative H-4 visa holders will wait at least

21   11.5 years for permanent immigrant visas to become available.  (Dkt. No. 1 ¶ 72.)  In sum, the

22   INA's limitations on the number of immigrant visas USCIS may issue per year creates wait times

23   for H-1B and H-4 beneficiaries during which these visa holders must apply and reapply for status

24   and work authorization.  *See* 8 U.S.C. § 1152(d).  As Plaintiffs' spouses await final confirmation

25   of their ability to receive and their ultimate receipt of immigrant visas, they must re-submit a Form

26   I-139 to reauthorize their underlying H-1B visa status every three years. Because H-4 visa holders'

27   status and employment authorization are derivative of H-1B visa holders' status renewals, they too

28   are subject to the repeated adjudication of their visa status and work authorization renewals, and

this constitutes a "reasonable expectation" that their exposure to the prolonged I-765 work reauthorization adjudication—and, by extension, exposure to gaps in unemployment or loss of employment—will recur. *See ProtectMarriage*, 752 F.3d at 836.

In the reply, Defendant argues that Plaintiffs' assertion that their unlawfulness claims are excepted from mootness fails because this Court "addressed and rejected" those claims in its preliminary injunction order. (Dkt. No. 42 at 6.) However, denial of a motion for preliminary injunction on Plaintiffs' unlawfulness claim was not a dismissal of the claim, and Defendant has not moved to dismiss Plaintiffs' unlawfulness claim on the merits.

For these reasons, the recent adjudication and approval of Forms I-539 and I-765 for some Plaintiffs does not render their unlawfulness claims moot because the "capable of repetition, but evading review" exception applies.

### III.    Venue

At the time Plaintiffs filed the complaint, 7 Plaintiffs resided in this district. (Dkt. No. 1 at ¶¶ 3-4, 1-5, 8-9.)[7] Defendant filed the motion to dismiss on October 21, 2020; at that time, 6 Plaintiffs whose applications had not yet been approved resided in this district. (Dkt. No. 33 at 24.) When Defendant filed the reply on November 12, 2020, 5 Plaintiffs with unadjudicated applications remained in this district. (Dkt. No. 42 at 7.) On December 9, 2020, Defendant filed updated appendices showing that all Plaintiffs residing in this district had received approval of their H-4 visa and EAD work reauthorizations. (Dkt. Nos. 48 at 2, 48-1 at 3-4, 48-2 at 3.)

Venue of civil actions is governed by 28 U.S.C. § 1391; pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action brought in an improper venue. In actions against federal defendants, venue is proper in any judicial district where: (1) a defendant in the action resides; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e)(1). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or

---

[7] At the time Plaintiffs in *Choudhary* filed their first amended complaint, 1 Plaintiff resided in this district. (Case No. 3:20-cv-07507-JSC, Dkt. No. 5 at 3 ¶ 4.)

United States District Court
Northern District of California

1    transfer it to the proper federal court "in the interest of justice." 28 U.S.C. § 1406(a).  Once

2    challenged under § 1406(a), the plaintiff bears the burden of showing venue is proper in its chosen

3    district.  *See Omnicell, Inc. v. Medacist Sols. Grp., LLC*, 272 F.R.D. 469, 472 (N.D. Cal. 2011)

4    (citing *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir. 1979)).

5            Defendant argues that, at the time the motion to dismiss was filed, 30 Plaintiffs with non-

6    moot claims could not have originally brought their claims in this district, and for this reason

7    moves to transfer the "severed, non-moot actions to the district where venue is proper" under 28

8    U.S.C. § 1406(a).  (Dkt. No. 33 at 24.)  The Court need not consider the status of these Plaintiffs at

9    the time Defendant filed the motion to dismiss—or that the updated appendices show all Plaintiffs

10   residing in this district have had their H-4 visa status and EAD renewal applications adjudicated—

11   because venue is evaluated at the time an action is initiated.  *See, e.g.*, *Goldlawr, Inc. v. Heiman*,

12   369 U.S. 463, 466 (1962) ("The language of s[ection] 1406(a) is amply broad enough to authorize

13   the transfer of cases, however wrong the plaintiff may have been in *filing* his case as to venue[.]")

14   (emphasis added); *Navarro v. Gonzales*, No. C05-5107 TEH, 2006 WL 954191, at *4 (N.D. Cal.

15   Apr. 12, 2006) (determining transfer to another district under § 1406(a) was appropriate because

16   the case was "filed in the wrong district . . . [and] could have been *originally filed* in the District of

17   Arizona") (emphasis added); *Olajide v. Gaffey*, No. C 12-04303 JSW, 2013 WL 57862, at *1

18   (N.D. Cal. Jan. 3, 2013) ("Venue can be changed in federal courts where the complaint is

19   *originally filed* in the improper venue.") (citations omitted) (emphasis added).

20           At the time Plaintiffs' filed their complaint, 7 Plaintiffs resided in this district.  *See* 28

21   U.S.C. § 1391(e)(1)(C).  "[V]enue is proper in a multi-plaintiff action if *any* plaintiff resides in the

22   District." *Californians for Renewable Energy v. United States Envtl. Prot. Agency*, No. C 15-3292

23   SBA, 2018 WL 1586211, at *5 (N.D. Cal. Mar. 30, 2018) (internal citation omitted) (original

24   emphasis); *see also A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1301 (N.D. Ala. 2003).

25   The residence of these 7 Plaintiffs in this district at the time Plaintiffs filed their complaint and

26   initiated this action is, "standing alone, sufficient to establish that venue is proper[.]"  *Californians*

27   *for Renewable Energy*, 2018 WL 1586211, at *6; *see also Raju v. Cuccinelli*, No. 20-CV-01386-

28   AGT, 2020 WL 4915773, at *3 (N.D. Cal. Aug. 14, 2020) ("There is no dispute that venue is

proper in this district; the two California-based plaintiffs live within the district, which is sufficient.") (internal citations omitted).

As such, Plaintiffs have met their burden of showing that venue in this district is proper. Accordingly, the Court does not transfer the claims of any Plaintiffs to another district under 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons set forth above, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. Plaintiffs' claims are properly joined under Rule 20.  Those whose H-4 visa status and EAD renewal petitions have been adjudicated are moot with regard to their unreasonable delay claims, but those Plaintiffs' unlawfulness claims are not moot.  Additionally, venue is proper in this District.  Because Defendant's updated appendices fail to provide information regarding Plaintiff Choudhary's applications, Defendant shall produce information regarding her applications within 3 court days of this Order.

**IT IS SO ORDERED.**

Dated: December 15, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California